Good morning, Your Honors. Jerry Stice for Appellant, Claudius Valentine Johnson. May it please the Court. The first thing I want to bring to this Court's attention is that, in the opening brief, Appellant relied on this Court's holding in Chavez, C-H-A-V-I-S v. Lamarck, 382 F. 3rd, 921, 9th Circuit, 2004. Approximately a month ago, the United States Supreme Court granted certiorari in Chavez v. Lamarck. Correct. Therefore, decision in this case is going to have to be deferred until after the Supreme Court decides Chavez, because that will directly affect the holding in this case. How does it directly affect it? Well, if Chavez is overruled, to be perfectly frank, I don't see how my client could win, just that simply. Oh, I do. Really? Easy. Your client may lose on another ground. But what's at issue in Chavez is how long a period is allowed for so-called gap tolling. That is to say, the time between, say, the petition, the application for habeas in the state superior court is dismissed, if there's a three-year gap between that dismissal and the next filing of the next original habeas petition application in the court of appeal, Chavez says, if the state court does not dismiss the next application in the court of appeal as untimely, that's entirely a matter of state law. That's the question that I see as up in front of the Supreme Court in Chavez. And I don't see that question presented in this case. You don't think that would affect? Well, you know. That's speaking for myself. I think that's what's going to happen. I think that's what's on the table in Chavez. I think that's the only question that's on the table in Chavez in the United States Supreme Court. And I don't think you've got a three-year gap tolling question here. You've got an equitable tolling question. You've got it. You've got a statutory tolling question. I would certainly defer to you on that. On this matter, where it's in favor of your client, I might expect that. But it remains to be seen. But if the decision in this case is deferred, though, I would respectfully request that counsel on both sides be permitted to submit supplemental briefing at that time. We will decide the question in supplemental briefing. But we definitely heard the request. All right. The issue, Chavez aside, the issue before us in this case is whether or not Mr. Johnson's 2254 petition is timely or not. Appellants admit that it should be deemed timely for two reasons. Number one, the rule of lenity should be applied so that his State mandate petitions are deemed to be analogous to State habeas petitions, and they're deemed to be applications for State bills, conviction, or other collateral remedies. If that happens, then his 2254 is timely. That would seem to be true, except that they really seem to ask for documents. They don't seem to be petitions. Well, in this case, they're asking for documents that are necessary in order to lay out the claims. Okay. Which is a – which goes to equitable tolling, really. Well, there's – I think there's a strong equitable tolling argument. Maybe we could talk about that one. You say he didn't get the transcripts he needed, or he says he didn't get the transcripts he needed to make his case. That's his problem. Specifically, what he didn't get was he didn't get the Marsden hearing transcript. Okay. Now, let's talk about that. Okay. He says there was Marsden hearing on 1-1896. Then he says, I got a copy of a transcript of 1-1896, but it was false. They had changed the dates, and it was really a transcript of 1-95. Irregardless, there was more than one Marsden hearing transcript. Okay. Well, let's talk about how many there were. As far as I can tell, the records of the court don't show a Marsden transcript happening on 1-1896. So can you show me where – you think there was more than one Marsden hearing on that day? Okay. In the supplemental excerpts of record. Yes. Yours or theirs? Mine. The excerpts of the report is transcript of the hearing of February 20th, 1998. Of February. That was in Superior Court. The hearing is September 20th, 1998. And Mr. Jennison's counsel says to the court, My client is indicating to me he brought up something with his appellate counsel and wants it on the record. He had had a Marsden hearing prior to the trial in the last instance, and he brought that up with his appellate counsel, and he wants that transcript. Okay. Now, come on. So I went to his petition, and I wanted to see what transcripts he wants. There was some kind of request for a Marsden hearing post-trial on February 5th, 1996. And he made some kind of – but he says in another paper, Oh, I got that transcript. So we're not talking about the post-trial events, whatever they were. He wants in his petition – he cites several things that he wants. Let me find the petition. I've got stickies on it. He listed the transcripts that he wants. He says transcripts are January 17th, before Judge McIntyre. January 18th, Judge McIntyre. January 18th, Judge Tankbarger. January 18th, Judge Heumann. I mean, how does he get three judges on one day? Okay. What I'm trying to figure out is what transcript he wants, what exact day he wants, and did he get it or not. Well, in the supplemental, we have the reporter's transcript showing the superior court saying, in terms of the Marsden hearing transcript, if they request it and if it's deemed to be appropriate and the appellate court wants to look at it at this point in time, that's fine. We have the records available here. We have the records available here. It doesn't – it doesn't tell me. Yeah. It doesn't tell me what record from what day he wants. I can tell you what the record is. Okay. Which – what day was the Marsden hearing that he didn't get a transcript of? Well, when he says we have the records available here. What day was the Marsden hearing he says he didn't get a transcript of? Please listen to the questions, and it will help the judges figure out the case. This is real important to me, because if there was a Marsden hearing, he says that his counsel said, I don't have time to do this case. I can't investigate it. He says that all happened at this Marsden hearing, and this is going to prove ineffective assistance to counsel. So it's real important to me to know that there was a Marsden hearing and that he didn't get a transcript of it. I'm going to try to jump into the mandate petitions and look at that right now. But what I wanted to say was, when the Superior Court judge said we have the records available here, he was referring to the court reporter's notes. Nothing had been transcribed. Now, what I'm saying is, according to California rules of court, 33.5E, it had to have been transcribed, and it wasn't. Okay. I'm telling you what the court reporter's notes are. There's court reporter's notes of what happened on January 18th, 1996. There's probably notes, because, I mean, that was a trial day. And well, it wasn't a trial day, but there was things happened in court. It shows things happened in court. But it doesn't necessarily mean it was a Marsden hearing. And then he later says in his papers, I got the records of January 18th, and they were false. So do you have the records of what he got on January 18th that say January 18th? No. The impression I got was that he's disputing one of the transcripts. All right. He says, Petitioner is now in the process of preparing a writ of habeas corpus. Transcripts from January 18th, 1996, Marsden hearing are needed in order to actively defend myself. Okay. That's the date that he said. He says he doesn't have the transcripts for January 18th. Well — And, of course, the State court records don't show a Marsden hearing. They show some things happening on that date, none of which appear to be a Marsden hearing. Let me go through this. And then he says Petitioner showed them transcripts from February 20th, 1998, where Judge Eumann stated that he would — oh, okay. All right. So when he says February 20th, 1998, he's referring to the hearing that's in the Supplemental Assertive Record, the hearing that I was just talking to and — Right. But none of that was the Marsden hearing that he wanted the transcript of. He says — I mean, he makes it very clear in his papers what those dates, January 17th and 18th. January 18, 1996, in Department 31 before the Honorable Judge Gary Tranbarger. All the facts were discussed with Trial Counsel Cox, agreeing that the allegations were true, et cetera, et cetera, et cetera. Denied the Marsden hearing. That's January 18th. Okay. And that's what he says he wants the transcript for, and that's what he says he does not have the transcript for. He also filed a notice of motion for transcript of prior proceedings, which is at page 49 of the primary assertive record. Yeah. Okay. And in there, he asks for transcripts from January 18th, 1996, January 5th, 1999, February 8th, 2000, and March 1st, 2000. See, you're asking me about the specific Marsden hearing transcript that was never prepared. Obviously, I've never seen it. It was never prepared. Well, actually, he said somehow or another he got a copy of what happened on the 18th, and it was false. Here it is. On the same page, if you look at 113 of the record, this is his petition. He says, on direct appeal, the trial court sent appellate counsel falsified transcripts of the adjudicator's dates were changed to make them appear to be January 18th, when, in fact, they were from September 15th. So he got something. He got some kind of transcript with January 18th written on it. He thinks it's false. And I would think that if that was true, somebody would show me a copy of this false transcript of January 18th. Well, my sense is that he had more than one Marsden hearing. That's not what he says. He says January 18th, there was no further inquiry. And he says that there was no other Marsden hearing? There was no further inquiry. Well, then that confuses me, and it doesn't make sense for this reason. I'm looking at the reporter's transcript of this hearing. I think I'm running over my time. That's okay. Which hearing are you looking at, the February 20th one? February 20th, 1998. And February 20th, 1998 is certainly well after January 18th, 1996. And in February of 1998, the superior court judge is refusing to order the Marsden hearing transcript to be prepared at that time. Now, if the only Marsden hearing transcript was the January 18th, 1996 transcript, he's guilty. But it was a trial. He was found guilty on February 5th, wasn't he? February 5th. 1996. What you're talking now is about a post-trial something or other. Right. So in that thing you were directing our attention to, January 18th, 1996, he wants it, but all the rest of those transcripts are post-trial. Yes. What I'm saying is that it doesn't make sense that on February 20th, 1998, the superior court judge would be refusing to order the 1996 transcript to be prepared because in the normal course of events, it would have been prepared. Let's do this. Let's hear from the State, and then we'll make sure you get enough chance and enough time to respond. Thank you, Your Honor. Can you help us out here? Good morning. I will try. Deputy Attorney General Randall Einhorn on behalf of the Pele. First of all, if I could point out, and we've sort of been going in circles around this, is that, and I think the Court's honed in on the problem here, is that the premise underlying Johnson's argument, and frankly, the premise underlying the grant of certificate of appealability in this case, is factually mistaken. The issue on which this appeal is granted, at least in part, is whether he, Johnson, is entitled to equitable tolling based on appellant counsel's delay in providing him the appellate record, and that portion of the appellate record that we're all talking about as allegedly being delayed and being turned over was this alleged transcript from an alleged Marsden hearing on January 18th of 1996. However, there was no delay in turning over such transcripts. Johnson's never said there was a delay in turning over such transcripts. Indeed, as is explained in our brief and as indicated in our excerpts of record in the Superior Court Case Prints and Minutes, the alleged Marsden hearing transcripts that he sought were from a hearing that never occurred. There was no Marsden hearing on January 18th, 1996. Therefore, there were no transcripts. Johnson seems to think there was. He seems to think there's all sorts of transcripts that he's not getting. But there was. So that's why he now says when he sees this January 18th, he says, that's not right, because there wasn't a Marsden hearing on that day. Well, not only does he say that's not right. I mean, he's got voluminous materials. But even after that, he continues to say, I want the transcripts from the Marsden hearing on the 18th. He thinks there was one. He's mistaken. There was one. But it sounds like he did get something, some transcript of something on the 18th. Well, he got the transcripts you would get in any appeal. He's got the clerk's transcripts, which are in our excerpts of record, the minutes. He got the reporter's transcripts. I believe that was sort of the day that trial was about ready to start or just started. So he got the transcripts that any appellant would get, the reporter's transcripts of the day, every day, and the clerk's transcripts. When was the Marsden hearing? There was one Marsden hearing in this case. When was it? It was a post-trial Marsden hearing. Right, post-trial.  On 2596.  He got the transcripts, and he admits he got the transcripts. That's right. He says that in the excerpts of record. He talks about it on the appellant's excerpts of record on page 72. That's the Marsden hearing to which the court of appeal refers. The court of appeal, I would suggest to you that counsel characterizes as refusing to order, was talking, this was the 98 one, was talking in general that if you appeal the matter, a matter, you'll get all the transcripts that you're entitled to, and it wouldn't be appropriate for you to get the transcripts. The court of appeals, actually, in their opinion, on page 20 of the main excerpts of record, refers to the February 5th Marsden motion, which was made on the day of the verdict. Yeah, actually, I believe, I think it was the day of sentencing. I believe the verdict was actually 2-1. Was it 2-1?  So it's the day of sentencing. Okay. So it says, after the verdict, defendant's trial counsel, deputy public defender Cox, informed the court that the defendant wished to make a Marsden motion, a motion for new trial. Then Cox says, you know, it's going to be about my ineffective assistance. I can't do it. Get the criminal defense panel to do it, and then they couldn't do it. And then it says there's a later hearing. At the time of the next hearing, the court indicated the attorneys had taken, that the criminal court attorneys had taken over. So he never, but then they refused. So he never, at that point, he doesn't get counsel to pursue this ineffective assistance of counsel claim. Well, he got his Marsden hearing on 2-5. We have a transcript of it? With Mr. Cox there, the guy who's ineffective, right? Well, I don't know who the attorney was. Claimed, in effect. Okay. I'm not sure who the attorney was at the time. Well, at 2-5, the only attorney he had was Deputy Cox. Oh, and an appointed member of the independent defense panel. No, there was somebody there from the independent criminal defense panel on 2-5. That's what the court of appeals opinion says. Yes. And a Marsden hearing was held, was denied, and Johnson admits he has a transcript of that.  And so your point is there was no Marsden hearing. Well, exactly. So this is all about nothing. Well, exactly. And on that note, let me just jump in. Ultimately, it's a hypothetical, and we don't necessarily have to go there, but even if there was a transcript, and I set forth the logic in our brief, that this request for documents, as the Court pointed out, it wouldn't toll, regardless, even if there was a transcript. The petitions for writ of mandate, which were seeking this Marsden transcript or transcripts, were not, as Appellant argues, the functional equivalent of an application for post-conviction or other collateral review within 2244d. This is talked about in Source v. Artoo's request for documents do not constitute a State post-conviction or other collateral review with respect to the judgment within the depot's toll. And a request for documents is not a review of the judgment or claim. Okay. But if he fails on that, doesn't he still have his equitable tolling argument, assuming he was never getting the transcripts? Assuming. No. He doesn't for two reasons. Okay. I would suggest. Frankly, first of all, I would point out that while there's a lot of discussions about equitable tolling in the grants and certificate of appealability and in the briefing, and as the district court pointed out, Johnson never argued equitable tolling in the district court. This was never raised below. This is the first time this is coming up. I looked for it. I couldn't find it either. Exactly. And the court pointed out, indeed, the district court pointed out, that he never contended there was any extraordinary circumstances. He just argued the merits of his petition. And the district court pointed out, by the way, that he didn't even if there were these alleged transcripts, that didn't constitute an extraordinary circumstance. Let me ask you this, though, and I preface this by saying I don't want to make you anxious. I think this is purely hypothetical with respect to this case, but I'm just trying to educate myself. I've seen cases where the habeas application to the state court is dismissed for want of proper documentation. And basically it amounts to a dismissal without prejudice, but it's a dismissal. Assuming we have a case where he needs documents, he reasonably anticipates that his habeas application to the state court will be dismissed if he doesn't have them. Should there be equitable tolling in order to allow him to get them, assuming the reason he doesn't have them is not his fault? This is a hypothetical question on the facts of this case, as I now understand this case. Generally, my answer to that would be no, because I'm not aware of any case that holds that a request for documents, even if it's something that may help and challenge it in conviction. I don't say help. I'm saying he reasonably anticipates that his application will be dismissed absent the documents. His Federal application? No, his State application. And what he's doing is he's saying, listen, I want these documents so I can file a proper State habeas application, because I fear without the documents I'm going to get dismissed for want of documentation. I've seen the State, the California State courts do that. They dismiss without prejudice, but they dismiss. And they say when you got the documents, come on back. So your question is whether this would implicate equitable tolling? Right. If he's seeking the documents that he reasonably anticipates are essential to avoid one of these dismissals. Well, I might suggest it would depend on why he can't get the documents. Yeah. And I put it in the hypothetical. He does not have the documents for a reason unrelated to any fault of his own. And this is purely hypothetical. I'm just trying to sort out how to think about this category of case. I think it's purely hypothetical on the facts of this case. He has a proper application, doesn't he? No. He wants to file one. But he's worried that he's going to get it dismissed unless he has the supporting documents. Well, the problem with that, obviously, is this notion of requesting documents and needing that could indefinitely, could result in some sort of indefinite tolling and could sort of frustrate the whole purposes of a deputant, if you will, which, in fact, that's sort of the reasoning behind the court in Soares v. Artooz is this could result in sort of an indefinite tolling. I suppose on a case-by-case basis, depending upon if there's some egregious or nefarious circumstances that are preventing him from getting it, possibly that could impede it. Yeah. We may not be able to get any further, and it's hypothetical. So I'm fine. Thank you. I thank you on that point. That's not a thank you. You're finished. Okay. Thank you. Let me just see if I wanted to. You know, I saw the magistrate judge did address equitable tolling. And there was an objection to the magistrate judge's finding, which was based on the statutory tolling, not so then how do we get back to the equitable tolling? Well, the only reason he addressed it, he addressed it as a sort of perfunctory argument that we threw in, is that we said there's no statutory tolling, and by the way, there's no equitable tolling. In our original brief in district court, even though he's not arguing equitable tolling, I think the Court, as a perfunctory matter, said, oh, by the way, there's no equitable tolling. But Johnson never argued there was. He never claimed, oh, I couldn't file my petition on time because I didn't get these documents. He never said that. And that doesn't appear to be the basis of his objection to the magistrate judge's report. He objects on the statutory tolling. Yes. Yes. All right. I think I'm out of time. Okay. Thank you. Thank you. Thank you very much. Now, we ran over for the opening, but if you'd like a chance to respond. Again, the supplemental excerpts to the record, that transcript that I described to you earlier, that's the superior court transcript. That's not the California Court of Appeals. That's the superior court transcript in which the superior court judge is saying that he's not going to order the hearing. Now, in terms of trying to ascertain the times, I think it's important to understand that in the mandate petition that Mr. Johnson filed in the California Supreme Court, and on pages 71 and 72 and 73 in the excerpts of the record, he says there that a second Marsden hearing was conducted on February 5th, 1996. That hearing was denied. And then he goes on to say. Does he say he does not have a transcript of that? No. No. He does. No. What he goes on to say is, I have the transcripts from the February 5th, 1996 Marsden hearing conducted in Department 58. Right. It's C Exhibit A2. There's no independent evidence at all that he had a Marsden hearing on January 18. He's asking for something that may not exist. He got the transcripts for that date, and he says those are wrong. Well, what he says in the next paragraph is this. In an attempt to find the January 18th, 1996 transcript, the Petitioner found that the record was falsified. Oh, I see. Right. He says on January 17th, 1996, Judge Janice McIntyre ordered the Petitioner to return on the following day at 8.30 p.m. Please note that there was no mention of the appearance in the alphabetical index. And then basically his argument was that a Marsden hearing took place at that time, but it was not reported and it was not reflected. It was covered up. They falsified the transcript. Now, what I'm saying is he was he filed these mandate petitions to try to obtain records. Bolson Counsel says that the records never existed. I think that it's possible that the court reporter's notes existed. But even if they didn't exist, there's no indication that Mr. Johnson was acting in bad faith when he was seeking these documents. He was seeking documents that he claimed he needed in order to adequately prepare a petition for habeas corpus in the State of California. So if you're hallucinating, you can get equitable tolerance? Well, that's a really unfair way to characterize it. But that's the result. If you're acting in good faith but mistaken, it's not hallucinating. You have to have some reasonable belief that supports your mistake. Here there isn't one. Well, he insists that there was a Marsden hearing at that time, but that it wasn't the record doesn't reflect that. I've got two problems, and I'm afraid either one of them is insuperable. One is he appears to have made a mistake, possibly a good faith mistake. And the second one is the formulation of the requirement for equitable tolling is extraordinary circumstances. I mean, it's a deliberately high threshold. So. But, see, what we also have, getting back to the Supplemental Act service of record, is we have a superior court judge saying that we have the records here available and they can be made available, the record, the notes can be, in other words, the notes can be transcribed, but I'm not going to order that at this time. And we're speculating that there really wasn't a hearing, but there could have been a hearing.  Okay. So it's a tricky case and a helpful argument. The case of Johnson versus Hamlet is now submitted for decision.
judges: Trott, W. Fletcher, Restani